**In re SOVEREIGN ESTATES, LTD., a Pennsylvania Limited Partnership, t/a Victoria Place, Debtor.**

**Bankruptcy No. 88–21501T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 28, 1989.

As Amended Dec. 11, 1989.

James W. Matour, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, Pa., for Albert and Rene Sussman.

Alan R. Gordon, Saul, Ewing, Renick and Saul, Philadelphia, Pa., for Sovereign Group, Inc.

Andrew N. Schwartz, Schwartz & Krekstein, Philadelphia, Pa., for petitioning creditors.

Gary D. Bressler, Adelman, Lavine, Gold & Levin, Philadelphia, Pa., for debtor.

M. Melvin Shralow, Frumkin, Shralow & Cerullo, Philadelphia, Pa., for Riverside Sav. and Loan Ass'n.

Alan C. Gershenson, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for Blank, Rome, Comisky & McCauley.

P. Stephen Lerario, P. Stephen Lerario & Associates, Philadelphia, Pa., for Warwick Nursery, Ltd., Jamieson Properties, Inc.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Atlantic Financial Federal.

John Francis Gough, Hoyle, Morris & Kerr, Philadelphia, Pa., for John Seal, Jr.

James J. O'Connell, Asst. U.S. Trustee, Office of U.S. Trustee, Philadelphia, Pa.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

This case presents the question of whether we should grant debtor's motion to approve the settlement of two § 362 motions in this Chapter 11 case when the settlement agreement involves the pre-confirmation auction sale of all of debtor's assets, the release of various claims against certain secured creditors, the release by certain secured creditors of claims against non-debtor insider parties and other insider perks. Because we find that debtor has not met its burden of proving that the sale is justified under 11 U.S.C. § 363(b), (e) and (f) and the test articulated in *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15 (Bankr. E.D.Pa.1987), we deny debtor's motion to approve the settlement agreement. We will also address and deny the motion filed by Albert and Rene Sussman ("Sussman"), Sovereign Group, Inc. ("SGI") and the petitioning creditors requesting the appointment of a trustee. A brief discussion of the relevant facts follows.

This case was commenced by the filing of an involuntary Chapter 7 petition against debtor and was later converted to a voluntary case under Chapter 11. Debtor's only asset is a 75 acre parcel of land which debtor originally intended to subdivide and develop in two phases. Construction of some units has commenced in the first phase, but the second phase has not yet received final subdivision approval. Motions for relief from the automatic stay were filed by Atlantic Financial Federal ("Atlantic"), the holder of the first mortgage on debtor's property, and Riverside Savings Bank, S.L.A. ("Riverside"), the holder of the second and fifth mortgages on debtor's property. To settle the § 362 motions, debtor, Atlantic, Riverside, John S. Seal, Jr. ("Seal") (the principal of debtor) and various other parties entered into the proposed settlement agreement which is before us today. The settlement agreement extends far beyond the scope of the issues raised in the § 362 motions and proposes, among other things, a pre-confirmation auction sale of all of debtor's property free and clear of liens which would occur before final subdivision approval is obtained for the second phase of the development. Sussman (the holder of the third mortgage on debtor's property), SGI (the holder of the fourth mortgage on debtor's property), the petitioning creditors and

Blank, Rome, Comisky and McCauley ("Blank, Rome") (debtor's former counsel and the holder of the sixth mortgage on debtor's property) have all objected to debtor's motion to approve the settlement agreement.

■ We begin our analysis by noting that the relaxed standard governing the approval of settlement agreements does not apply when the proposed settlement agreement involves the preconfirmation sale of substantially all of a Chapter 11 debtor's assets.[1] *See, In re Neshaminy Office Building Associates*, 62 B.R. 798 (E.D.Pa.1986); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390 (Bankr. E.D.Pa.1987). In such a context, the proposed sale must comply with all of the requirements of 11 U.S.C. § 363(b), (e) and (f) and with the test outlined in *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc., supra*, ("*Industrial Valley*") in order for the settlement agreement to be approved.

In *Industrial Valley*, our colleague Judge Scholl held that a pre-confirmation sale of substantially all of a Chapter 11 debtor's assets could be approved only if the proponent of the sale establishes that: (1) a sound business reason exists why the sale should occur outside of the ordinary course of a reorganization, (2) accurate and reasonable notice was given, (3) the price to be paid is adequate (i.e., fair and reasonable), and (4) good faith exists (i.e., the absence of any lucrative deals with insiders). Judge Scholl further concluded that the proponent's burden of proving elements (2), (3) and (4), which are the ordinary requirements of any sale under § 363(b)(1), is heightened in the context of a pre-confirmation sale of substantially all assets. *Id.*, at 17, 21. For the reasons outlined below,

we find that debtor has failed to establish compliance with the *Industrial Valley* test.[2]

■ Instantly, debtor proposes to conduct the auction sale prior to receiving final subdivision approval for the second phase despite evidence that the sales price of the property would be greatly enhanced, perhaps even doubled, if final subdivision approval was obtained before any attempted sale. In light of this evidence and given Sussman's proposal regarding the sale of the property which is contended would increase the likelihood that the property would sell for a higher price, we find that debtor has not established that a sound business purpose exists for the proposed sale.

Furthermore, the notice given by debtor did not inform creditors of the amount expected to be obtained from the auction sale and no witness appeared at the hearing to provide such an estimate. Accordingly, we can not conclude that debtor has given accurate and reasonable notice of the sale.

Finally, we note that the proposed settlement agreement contains various perks to non-debtor insiders, particularly Riverside's release of claims against Seal on promissory notes and personal guarantees,[3] Riverside's promise to pay Seal $25,000.00 and Atlantic's release of claims against Seal. Therefore, we find that debtor has not met its burden of proving that good faith exists. *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3rd Cir.1986); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc., supra.*

■ We next address the motion to appoint a trustee, which is governed by 11 U.S.C. § 1104. The appointment of a trust-

---

1. However, we note that we could not approve this settlement agreement even under the more relaxed approval of settlement agreement standard since debtor has not established that the settlement agreement is in the best interests of the estate, given the existence of insider perks and the likelihood that an auction sale prior to final subdivision approval will not bring a reasonable price. *See, In re Neshaminy Office Building Associates*, 62 B.R. 798 (E.D.Pa.1986).

2. We further note that any sale of debtor's assets under § 363(b) must comply with § 363(e) and (f) and that debtor has not established compliance with these sections. This is particularly troublesome given the breadth of the proposed settlement agreement and debtor's attempt to circumvent various requirements of subchapter II of Chapter 11.

3. The record reveals that Riverside's claims against Seal exceed $3,400,000.00.

ee in a Chapter 11 case is an extraordinary remedy and the party seeking the appointment bears the burden of proof. *In re Harlow,* 34 B.R. 668 (Bankr.E.D.Pa.1983); *In re F.A. Potts & Co., Inc.,* 20 B.R. 3 (Bankr.E.D.Pa.1981). Furthermore, as we stated in *In re F.A. Potts & Co., Inc., supra* at 4, the legislative history underlying § 1104 indicates that the court "may order appointment [of a trustee] only if the protection afforded by a trustee is needed and the costs and expenses of a trustee would not be disproportionately higher than the value of the protection afforded," *citing,* House Report No. 95–595, 95th Cong., 1st sess. 402 (1977), U.S.Code Cong. & Admin.News pp. 5787, 6358. As we find that Sussman, SGI and the petitioning creditors have not met their burden of proof and, more particularly, that the costs which would be incurred by the appointment of a trustee exceed the benefits which would be derived from such an appointment, we deny the motion to appoint a trustee.

An appropriate order will follow.

### ORDER

AND NOW, this 28th day of September, 1989, it is ORDERED that: (1) debtor's motion to approve settlement agreement, approve sale free and clear of liens, approve sale of rights in unexpired leases and executory contracts and for authority to employ an auctioneer is DENIED; and (2) the motion filed by Albert and Rene Sussman, Sovereign Group, Inc. and the petitioning creditors seeking appointment of a trustee is DENIED.